IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TRISTAN MICHAEL HYDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-00136-RAH-JTA |
| | ) | |
| KEITH WISE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tristan Michael Hyde, proceeding pro se, brings this civil-rights action under 42 U.S.C. § 1983 against Opp Police Sergeant Keith Wise, arising out of Hyde's December 4, 2023, arrest on an out-of-state felony warrant. The operative Amended Complaint (doc. 8) asserts six grounds for relief. Before the Court is Wise's *Motion for Summary Judgment or for Judgment on the Pleadings*. The motion is fully briefed. For the reasons set out below, the motion is due to be granted.

### BACKGROUND

The material facts are drawn from the summary judgment record, including Wise's body-camera footage, recorded radio traffic, and supporting declarations. When the record is captured on video, the Court views the facts as depicted by that record. *See Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

In the afternoon of December 5, 2023, a concerned citizen reported to the Opp Police Department that a truck near the intersection of North Main Street and the Highway 331 bypass appeared to be broken down and that the driver was behaving strangely, possibly was under the influence of drugs, and had asked the

citizen to summon a tow truck but not to call the police. Wise, an officer with the Opp Police Department, and another officer were dispatched to investigate. They located an unoccupied pickup truck with a Florida tag and its hood raised. After running the tag, they determined the truck was registered to Hyde. Law enforcement officers eventually made contact with Hyde, who had walked onto a nearby private property.

During his encounter with law enforcement, Hyde acknowledged that he had asked the reporting citizen not to call the police and admitted that his driver's license was suspended. A dispatch check confirmed that Hyde's license was invalid and that an active, no-bond felony warrant for a probation violation was outstanding from DeFuniak Springs, Florida, with Florida authorities willing to extradite him. After confirming the warrant and extradition, Wise arrested Hyde.

At Hyde's request—Hyde had said he did not want his truck left on the side of the road—the truck was towed and impounded. Inside the truck on the passenger seat was legal paperwork. Wise did not remove any property from the truck and took no step to prevent Hyde from retrieving the truck or its contents from the towing company.

After his arrest, Hyde was transferred to the Walton County, Florida jail. From there, Hyde filed this action on February 26, 2024. In his Amended Complaint, Hyde asserts claims relating to his roadside arrest, including unlawful detention and false arrest under the Fourth Amendment, retaliatory arrest and free speech interference under the First Amendment, a Fourteenth Amended due process deprivation of property claim, and a denial of access to the courts claim. Hyde seeks compensatory and punitive damages, and injunctive relief directing Wise to retrieve and forward his paperwork and to recover his truck without impound fees.

## LEGAL STANDARD

Judgment on the pleadings under Rule 12(c) is appropriate "where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law," with the nonmovant's well-pleaded facts taken as true. *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014); Fed. R. Civ. P. 12(c).

However, a Rule 12(c) motion for judgment on the pleadings is properly converted into a motion for summary judgment when the motion "requires a district court to look outside the pleadings." *Baez v. LTD Fin. Servs., L.P.*, 757 F. App'x 842, 845 (11th Cir. 2018); Fed. R. Civ. P. 12(d). Because the parties have submitted evidence outside the pleadings, the Court construes Wise's motion as a motion for summary judgment.

Summary judgment is warranted when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] court generally must 'view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'" *Fla. Int'l Univ. Bd. Of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1252 (11th Cir. 2016) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)). However, "conclusory allegations without specific supporting facts have no probative value." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924–25 (11th Cir. 2018).

The movant bears the initial burden of demonstrating that there is no genuine dispute as to any material fact, and the movant must identify the portions of the record which support this proposition. *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). Applicable substantive law identifies those facts that are material. *Id.* An issue is not genuine if it is unsupported by evidence or created by evidence that is "merely colorable, or is not significantly probative." *Id.* at 249 (citations omitted). The movant can satisfy its burden of proving the absence of a genuine dispute by citing to materials in the record or by showing that the nonmovant cannot produce evidence to establish an element essential to their case to which it has the burden of proof. Fed. R. Civ. P. 56(c)(1); *Celotex Corp.*, 477 U.S. at 322–23.

If the movant meets its burden, the burden shifts to the nonmoving party to establish "specific facts showing that there is a genuine issue for trial" with evidence beyond the pleadings. *Celotex Corp.*, 477 U.S. at 324. Generally, a "mere existence of a scintilla of evidence" supporting the nonmoving party's case is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252.

A pro se plaintiff's filings are construed liberally, but pro se litigants remain bound by procedural rules. *Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022).

## DISCUSSION

## I.  Claim Abandonment

In his summary judgment motion, Wise raises a host of reasons as to why he is entitled to summary judgment, including qualified immunity and lack of subject matter jurisdiction. Hyde's response in opposition to the summary judgment motion does not defend any of the six claims pleaded in the Amended Complaint, or respond to Wise's summary judgment arguments, other than making a vague reference to his access-to-the-IRS and access-to-the-courts claims.[1]

---

[1] The sole argument Hyde advances in his response—that Wise violated Article I, Section 13 of the Alabama Constitution—was not asserted in his Amended Complaint. A plaintiff cannot amend his complaint through a brief opposing summary judgment, *Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013), and the Amended Complaint pleads no such claim. This new allegation therefore will be ignored.

4

In the Eleventh Circuit, "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." *B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 758 F. App'x 785, 790 (11th Cir. 2018) (quoting *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)); *Pizzaro v. Home Depot, Inc.*, 111 F.4th 1165, 1182 (11th Cir. 2024). The onus rests on the parties to develop their arguments; the Court is not obligated to construct them. *Id*.

Because Hyde failed to respond to Wise's detailed, record-supported arguments on each ground—including as to his assertion of qualified immunity—the Court treats Counts One through Six as abandoned. Due to Hyde's abandonment, Wise is entitled to summary judgment.

## II.   The Merits Independently Support Summary Judgment in Favor of Wise

Although Wise is entitled to summary judgment due to Hyde's abandonment of his claims, the Court nonetheless addresses the merits in the alternative under Wise's assertion of qualified immunity.

Qualified immunity shields officials sued in their individual capacities unless the plaintiff shows (1) the conduct fell outside the official's discretionary authority, or, once discretionary authority is established, that (2) the conduct violated a constitutional right that (3) was clearly established. *Tinker v. Beasley*, 429 F.3d 1324, 1326 (11th Cir. 2005). Once the defendant establishes that he acted within his discretionary authority, the burden shifts to the plaintiff to overcome the defense. *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009).

First, Wise was a law enforcement officer engaged in an investigation, detention, and an arrest at the time of the acts complained of—conduct that squarely fits within an officer's discretionary authority. *See Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004); *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). The burden therefore shifts to Hyde to defeat Wise's

assertion of qualified immunity by pointing to conduct that violates a constitutional right, and if so, in showing whether the asserted right was clearly established at the time of the violation. *Tinker v. Beasley*, 429 F.3d 1324, 1326 (11th Cir. 2005).

Hyde has not met his burden here because he never argues that Wise violated any clearly established law. Failing to argue that a defendant violated a clearly established law "forfeit[s] any such argument." *Christmas v. Harris County*, 51 F.4th 1348, 1354 (11th Cir. 2022). On this basis, Wise is entitled to qualified immunity on every claim.

But even if considered individually, Wise is plainly entitled to immunity and therefore summary judgment.

### 1.    Count[2] One — Fourth Amendment Detention

Count One in the Amended Complaint alleges that Wise violated the Fourth Amendment because he wrongfully detained Hyde.

"Not every encounter between law enforcement officers and an individual constitutes a seizure within the meaning of the [F]ourth [A]mendment." *United States v. Alvarez-Sanchez*, 774 F.2d 1036, 1040 (11th Cir. 1985). "Officers are free, without any level of suspicion, to approach citizens on the street or in a public place and ask them questions, request proof of identification, and a consent to search." *Miller v. Harget*, 458 F.3d 1251, 1257 (11th Cir. 2006). "[A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980).

The record evidence, including the body-cam video, establishes that Hyde was not "seized" until he was handcuffed at 5:12 p.m.—after Wise had learned that

---

[2] Hyde labels his complaint claims as "grounds." The Court will refer to them as "counts," as that is the typical nomenclature used in civil legal proceedings.

Hyde could not produce a valid license, that his license was suspended, and that a Florida warrant for his arrest was outstanding. But even before then, reasonable suspicion supported an investigative detention. *Terry v. Ohio*, 392 U.S. 1 (1968); *Hayes v. Florida*, 470 U.S. 811, 816 (1985).

"Beginning with *Terry v. Ohio*, the [Supreme] Court has recognized that a law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further." *Hiibel v. Sixth Jud. Dist. Ct. of Nev.*, 542 U.S. 177, 185 (2004) (citation omitted). "[I]f there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information." *Hayes*, 470 U.S. at 816. In a § 1983 action, the plaintiff has the burden of proving that defendant lacked reasonable suspicion. *Cuesta v. Sch. Bd. of Miami-Dade Cnty.*, 285 F.3d 962, 970 (11th Cir. 2002) (citing *Armington v. Sch. Dist. of Phila.*, 767 F. Supp. 661, 667 (E.D. Pa. 1991)).

The circumstances reported by the concerned citizen to law enforcement—a man whose car broke down in a rural area with an out-of-state tag, who had walked onto private property, asked a passerby not to call police, behaved erratically, and was possibly under the influence—gave rise to reasonable articulable suspicion that criminal activity was afoot, including potential license, intoxication, or trespass offenses. *See United States v. Matchett*, 802 F.3d 1185, 1192 (11th Cir. 2015); *Lindsey v. Storey*, 936 F.2d 554, 560 (11th Cir. 1991) (holding that car occupant's offer of money in exchange for the driver not to report the accident to the police established reasonable suspicion that criminal activity was afoot); *United States v. Gibbs*, 917 F.3d 1289, 1296 (11th Cir. 2019) (holding that officer had reasonable suspicion of a traffic violation where defendants unlawfully parked their car in a

7

traffic lane and exited to the side of the car); *United States v. Muhammad*, 554 F. Supp. 2d 1314, 1319 (M.D. Fla. 2008) (finding that defendant's "erratic driving behavior" provided officer reasonable suspicion).

But even if Hyde was detained without reasonable suspicion, qualified immunity still applies because arguable reasonable suspicion existed to support Hyde's detention. "A law enforcement official who reasonably but mistakenly concludes that reasonable suspicion is present is still entitled to qualified immunity. When an officer asserts qualified immunity, the issue is not whether reasonable suspicion existed in fact, but whether the officer had 'arguable' reasonable suspicion to support an investigatory stop." *Jackson v. Sauls*, 206 F.3d 1156, 1165–66 (11th Cir. 2000). At a minimum, arguable reasonable suspicion existed, which independently defeats the claim. *See Jackson v. Sauls*, 206 F.3d 1156, 1165–66 (11th Cir. 2000).

Hyde, who bears the burden here, has not shown that no reasonable officer could have perceived reasonable suspicion. *Ga. Carry Org., Inc. v. Kabler*, 580 F. App'x 695, 698 (11th Cir. 2014) (holding that qualified immunity applied because the plaintiff did not establish that no reasonable officer could have believed reasonable suspicion existed). Therefore, Wise is entitled to qualified immunity on Count One.

### 2.   Count Two — Fourth Amendment False Arrest

In Count Two, Hyde alleges that Wise falsely arrested Hyde. In response, Wise argues that there was probable cause for the arrest.

The existence of probable cause is an absolute bar to a § 1983 false-arrest claim. *Davis v. City of Apopka*, 78 F.4th 1326, 1333 (11th Cir. 2023). A valid arrest warrant itself represents a determination of probable cause and shields the arresting officer. *Washington v. Howard*, 25 F.4th 891, 904 (11th Cir. 2022); *Sosa v. Martin County*, No. 20-12781, 2023 WL 1776253, at *5 (11th Cir. Feb. 6, 2023); *United*

8

*States v. Roper*, 702 F.2d 984, 989 (11th Cir. 1983); *United States v. McDonald*, 606 F.2d 552, 553–54 (5th Cir. 1979).[3] The undisputed record here reflects a confirmed, active felony warrant for Hyde's arrest. Therefore, probable cause clearly existed.

Further, even if there were not an active arrest warrant, probable cause existed for other reasons, including the two Alabama license offenses he had committed. *District of Columbia v. Wesby*, 583 U.S. 48, 54 n.2 (2018) (stating that an arrest is lawful if the officer had probable cause to arrest "for any offense, not just the offense cited at the time of arrest or booking"). When an officer raises a qualified-immunity defense, a § 1983 plaintiff must allege sufficient facts to establish that the officer did not have even "arguable probable cause" to arrest him. *Cozzi v. City of Birmingham*, 892 F.3d 1288, 1293–94 (11th Cir. 2018). Arguable probable cause exists when "reasonable officers in the same circumstances and possessing the same knowledge" as the arresting officer could have thought there was probable cause to arrest the plaintiff. *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010) (citation omitted). And probable cause exists where a reasonable officer could conclude "that there was a substantial chance of criminal activity." *Washington*, 25 F.4th at 902 (quoting *Wesby*, 583 U.S. at 61).

Here, Hyde had been driving, could not produce a valid drivers license in his immediate possession, and admitted his Florida license was suspended—facts supporting an arrest under Alabama Code §§ 32-6-9(a) and 32-6-19(a)(1). *See Cantu v. City of Dothan*, 974 F.3d 1217, 1230 (11th Cir. 2020); *Virginia v. Moore*, 553 U.S. 164, 178 (2008) (holding that officers did not violate the Fourth Amendment by arresting motorist whom they had probable cause to believe committed the misdemeanor offense of driving with a suspended license). That

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

these many have been misdemeanor offenses is without consequence because a "custodial arrest may be made for misdemeanor offenses and traffic violations." *Stephens v. DeGiovanni*, 852 F.3d 1298, 1321 n.21 (11th Cir. 2017).

At a minimum, probable cause and arguable probable cause existed, which preclude Hyde's false arrest claim under the Fourth Amendment. *Fish v. Brown*, 838 F.3d 1153, 1167 (11th Cir. 2016). Therefore, Wise is entitled to qualified immunity on Count Two.

### 3.      Count Three — First Amendment Retaliatory Arrest

Count Three is a retaliatory speech arrest claim. Hyde claims that Wise arrested him in retaliation for Hyde engaging in free speech in violation of the First Amendment when Hyde explained on the side of the road the circumstances of the need to change his battery.

A retaliatory-arrest plaintiff must establish a causal connection between protected speech and the arrest, *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019), and ordinarily must plead and prove the absence of probable cause, *id*. at 402. The "existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest," including claims brought under the First Amendment. *Gates v. Khokhar*, 884 F.3d 1290, 1298 (11th Cir. 2018) (quoting *Brown*, 608 F.3d at 734); *see also Dahl v. Holley*, 312 F.3d 1228, 1236 (11th Cir. 2002); *Redd v. City of Enter.*, 140 F.3d 1378, 1383 (11th Cir. 1998).

Hyde presents no evidence and makes no argument, and the Court fails to see how any rational juror could find, that Hyde's remarks on the side of the road about charging his truck battery motivated Hyde's arrest. To the contrary, the record affirmatively shows Hyde's arrest was premised on the outstanding Florida arrest warrant and the Alabama driver's license offenses. Because Hyde has utterly failed to present any evidence of a causal connection and because actual and arguable probable cause supported the arrest, the First Amendment claim fails. *Gates*, 884

F.3d at 1298 ("[W]hen an officer has arguable probable cause to arrest, he is entitled to qualified immunity both from Fourth Amendment claims for false arrest and from First Amendment claims stemming from the arrest."). Wise is therefore entitled to qualified immunity on this count.

### 4.    Count Four — First Amendment Free Speech

In Count Four, Hyde alleges that Wise violated his First Amendment free speech rights when Wise allegedly failed to retrieve Hyde's paperwork from his truck when Hyde was taken to jail and his truck towed. According to Hyde, this paperwork was relevant to a dispute with the IRS and therefore Wise's failure to give him his documents interfered with his ability to communicate with the IRS regarding his tax obligations, thereby resulting in penalties and interest.

Count Four fails for several reasons. First, Hyde has not presented the Court with any explanation showing how this actually harmed him. Further, Hyde has failed to show how the failure to remove the personal contents from his own personal vehicle constitutes a constitutional violation. Indeed, an isolated, unintentional failure to bring documents from an arrestee's vehicle to jail does not violate the First Amendment. *Cf. Procunier v. Martinez*, 416 U.S. 396, 415 (1974) (holding unconstitutional a prison regulation authorizing withholding of certain inmate mail correspondence); *Nesbitt v. Florida*, No. 5:05CV98/LAC/EMT, 2006 WL 1653602, at *7 (N.D. Fla. June 9, 2006) (noting that allegations of unintentional or negligent conduct do not state a claim under § 1983). Finally, Hyde has identified no controlling precedent clearly establishing that an officer must enter an arrestee's personal vehicle to retrieve paperwork or other personal belongings and transport them to jail with the arrestee. *Kisela v. Hughes*, 584 U.S. 100, 104–05 (2018). Thus, Wise is entitled to qualified immunity on Count Four.

### 5.    Count Five — Access to the Courts

Similar to Count Four, Count Five is an access-to-the-courts claim. Hyde alleges that Wise's failure to retrieve Hyde's legal papers from his truck deprived him of his right of access to the courts because it impacted his defense of certain Florida-based criminal charges.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003). "To assert an access-to-the-courts claim, the plaintiff must possess a non-frivolous, arguable underlying cause of action, the presentation of which was prevented by the defendant." *Dennis v. Schwarzauer*, 496 F. App'x 958, 959 (11th Cir. 2012). In other words, an access-to-courts claim requires a nonfrivolous, colorable underlying claim that was actually lost or impeded by the defendant's conduct, identified with specificity in the complaint. *Christopher v. Harbury*, 536 U.S. 403, 416–18 (2002); *Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir. 2006).

From a qualified immunity perspective, Hyde does not identify any particular constitutional amendment that Wise has violated here. Vague and general citations do not cut it. *See Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999) ("The Supreme Court and this Court have stated that a plaintiff cannot strip a § 1983 defendant of his qualified immunity by citing to general rules or abstract rights.").

But assuming this count is being asserted under the First Amendment, Hyde has not shown that he had an underlying case (presumably the Florida criminal action) that was nonfrivilous. "[A] litigant asserting an access claim must also prove that he has a colorable underlying claim for which he seeks relief." *Barbour*, 471 F.3d at 1226. "[C]ourts must apply the nonfrivolous test and determine whether

12

the arguable nature of the underlying claim is more than hope." *Cunningham*, 592 F.3d 1237 at 1274 (cleaned up).

Here, Hyde has not shown that he lost any case because of the lack of access to the referenced records. That is, he has not shown injury. "To show actual injury, the plaintiff must 'have an underlying cause of action the vindication of which is prevented by the denial of access to the courts.'" *Cromartie v. Shealy*, 941 F.3d 1244, 1258 (11th Cir. 2019) (quoting *Cunningham*, 592 F.3d at 1271). "[T]he [public] officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a *nonfrivolous* legal claim." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (emphasis added).

Relatedly, Hyde had other available means to obtain his materials—retrieving them from the impound lot himself or through a representative, or subpoenaing them—so any inability to proceed was not caused by Wise. *See Cunningham*, 592 F.3d at 1272.

And further, no provision of the United States Constitution required Wise to retrieve Hyde's paperwork from a vehicle and bring it to the jail with Hyde. Hyde's truck was impounded only after Hyde said he did not want the truck left on the side of the road. Wise has not taken any action to prevent Hyde from retrieving his truck and its contents from the tow company.

Finally, Hyde has not shown the requisite intent to frustrate the other litigation. To establish a claim for denial of access to the courts, the plaintiff must show that the defendants acted with intent to frustrate plaintiff's ability to bring suit. *Chappell*, 340 F.3d at 1283; *Drummond v. Proctor*, 669 F. Supp. 3d 1320 (S.D. Ga. 2023); *Est. of Binn v. City of Adamsville*, No. 2:17-cv-01993-RDP, 2019 WL 968904 (N.D. Ala. Feb. 28, 2019).

Because Hyde has failed to show that he possessed a non-frivolous, arguable underlying cause of action, the presentation of which was prevented by Wise, Hyde has not shown a constitutional or First Amendment violation. And even if he did, Hyde has failed to show any controlling precedent that clearly established the right asserted. Wise is entitled to qualified immunity on this claim.

### 6.      Count Six — Fourteenth Amendment Due Process

In Count Six, Hyde brings a Fourteenth Amendment procedural due process claim. Hyde claims that Wise violated his due process rights by not retrieving his legal paperwork from his truck and delivering it to him in jail. In other words, Hyde contends that Wise's alleged *inaction* intentionally deprived him of his property without due process of law.

"As to a procedural-due-process violation under § 1983, a plaintiff has the burden of alleging that, as a result of some state action, the plaintiff was deprived of a constitutionally protected interest, and the state did not afford the plaintiff adequate process to challenge the deprivation." *Searcy v. Prison Rehab Indus. & Ent, Inc.*, 746 F. App'x 790, 795 (11th Cir. 2018).

Wise removed none of Hyde's property and took no paperwork, and Hyde consented to the truck's impoundment. Hyde makes no showing that Wise actually deprived him of any property or of a constitutionally protected liberty or property interest.

And further, even if a deprivation had occurred, Hyde has an adequate post-deprivation remedy because he can file a civil lawsuit for conversion. This forecloses a due-process violation. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991); *Case v. Eslinger*, 555 F.3d 1317 (11th Cir. 2009) (holding that "'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it

extends to unauthorized seizures of personal property by state officers" (quoting *Lindsey*, 936 F.2d at 561)).

Simply put, Hyde has shown no due process violation here. But even if he did, Hyde also identifies no clearly established law to the contrary. Wise is entitled to qualified immunity on Count Six.

## III.   The Claims for Injunctive Relief Fail

In paragraphs 18 and 20 of the Amended Complaint, Hyde requests an injunction requiring Wise to retrieve his legal paperwork and send it to him and an injunction requiring Wise to recover his truck and return it to him with no impound fees. This claim is very likely moot, since Hyde has now been released from jail and resides in Texas. Now on the outside, Hyde presumably has access to and possession of his truck and its contents. As such, his requests for injunctive relief are now moot. *Alvarez v. Smith*, 558 U.S. 87, 89 (2009) (holding that procedural due process claim was moot after state returned disputed property); *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n*, 115 F.4th 1266 (11th Cir. 2024) (holding that case was moot after government rescinded challenged policy).

But even if not, Hyde lacks standing to bring his claims for injunctive relief against Wise because his requested relief is not redressable by Wise, who does not have custody of or access to the truck or its contents and no authority to waive impound fees. *See Doe v. Pryor*, 344 F.3d 1282, 1286 (11th Cir. 2003). In other words, there is nothing in Wise's individual capacity that he can do to provide the requested relief to Hyde. *See id.*; *see also Barnes v. Dunn*, No. 4:19-cv-558-ACA, 2022 WL 10264034, at *5 (N.D. Ala. Aug. 17, 2022) ("These defendants have no power in their individual capacities to take any action with respect to the conditions of ADOC facilities, and therefore, any order directing them as individuals to address prison conditions would not redress the plaintiff's alleged injury."), *report*

*and recommendation adopted*, No. 4:19-cv-558-ACA, 2022 WL 4365709 (N.D. Ala. Sept. 21, 2022).

Independently, because Hyde cannot establish any underlying constitutional violation, he cannot obtain a permanent injunction. *Thomas v. Bryant*, 614 F.3d 1288, 1317 (11th Cir. 2010).

The injunctive relief claims are therefore due to be dismissed.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

1.  Defendant Keith Wise's *Motion for Summary Judgment or, in the Alternative, for Judgment on the Pleadings* (doc. 69) is **GRANTED;** and,

2.  Plaintiff's *Motion to Consolidate* (doc. 82) is **DENIED** as moot; and

3.  A separate final judgment will be entered.

**DONE** and **ORDERED**, on this the 6th day of August 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

16